UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS CASTILLO,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN COLVIN,<br><br>    Defendant. | Case No. 14-cv-03140-JCS<br><br>**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**<br><br>Re: Dkt. No. 23 |

## I.  INTRODUCTION

Plaintiff Carlos Castillo brought this action challenging the decision of Defendant Carolyn Colvin, Acting Commissioner of Social Security, (the "Commissioner") denying Castillo's application for disability benefits. The Court granted Castillo's motion for summary judgment, denied the Commissioner's motion for summary judgment, and—applying the Ninth Circuit's "credit-as-true" doctrine to Castillo's symptom testimony—remanded the case for an award of benefits. *See generally* Order Granting Pl.'s Mot. for Summ. J. ("Order," dkt. 20).[1] The Commissioner now moves to alter or amend judgment under Rules 59(e) of the Federal Rules of Civil Procedure. For the reasons discussed below, the Commissioner's present Motion is DENIED, the judgment stands as entered, and the stay of judgment (dkt. 31) is VACATED.[2]

## II.  BACKGROUND

### A.  Medical History and Administrative Hearing Testimony

Castillo's medical history includes evidence of a number of impairments, including

---

[1] *Castillo v. Colvin*, No. 14-cv-03140-JCS, 2015 WL 5836784 (N.D. Cal. Oct. 7, 2015). Citations herein to the Court's previous Order refer to page numbers in the version filed in the ECF docket.

[2] The parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

hypertension, effects of stroke, obesity, chronic depression, bipolar disorder with psychotic features, and anxiety disorder. *See* Order at 3. Several medical professionals evaluated Castillo and consistently diagnosed him with bipolar disorder (among other diagnoses), with varying degrees of functional capacity. *See* AR at 306 (diagnosis of Dr. David Star); *id.* at 330 (diagnosis of Dr. Kenneth Visser); *id.* at 530 (diagnosis of Dr. Shana Stowitzky); *see also* Order at 4−8. The examining doctors assessed Castillo's overall functional limitations as moderate to serious, as indicated by the Global Assessment of Functioning scores that they assigned him. *See* Order at 4−8 & nn.3, 4. Castillo received treatment at Charlotte Behavioral Healthcare, beginning with a psychiatric evaluation and medication management appointment with Nurse Practitioner Billie Cone in September of 2011. AR at 549−62; Order at 7−8. Cone and Dr. Katina Matthews-Ferrari signed a letter in June of 2012 stating their belief that Castillo was not mentally or physically capable of working. AR at 565; Order at 8.

At the hearing before the ALJ, Castillo testified that when he experiences bouts of depression, he stays in his room and does not dress or bathe himself. AR at 66. He experiences such episodes once or twice every two weeks, and stays in his bedroom for up to twenty days at a time. *Id.* at 69−70. Castillo also testified that he experiences anxiety attacks multiple times a week that leave him shaking and require him to step outside for air, triggered by factors including large crowds, small rooms, or sitting still for a long period. *Id.* at 68−72.

A vocational expert testified at the hearing that someone with Castillo's impairments could not perform Castillo's past work as a car salesman. *Id.* at 73−75. In response to the ALJ's hypothetical questions, the vocational expert testified that someone with certain of Castillo's limitations could work as a merchandise marker, mail sorter, or hand packager. *Id.* at 74−75. When the ALJ asked hypothetical questions regarding absences from work, however, the vocational expert testified that the jobs in question would permit at most six or seven absences per year, and that a person who was consistently absent once a month would not be able to maintain employment "at any level." *Id.* at 75.

**B.    Procedural History and Parties' Arguments**

The ALJ determined that Castillo had a number of cognizable severe impairments

including bipolar disorder, *id.* at 21, but held that those impairments did not meet or equal the severity of a listed impairment, *id.* at 22−24, and that Castillo retained sufficient functional capacity to work, *id.* at 24−30. In reaching that decision, the ALJ recited the findings of examining and consulting doctors, as well as Castillo's own reports that he could at times perform basic functions like attending work and watching television. *Id.* at 25−28. Although the ALJ noted that Castillo "understandably may honestly believe that his impairments are disabling," he found Castillo's symptom testimony "not fully credible" and held that "the medical findings do not support" the degree of impairment Castillo claimed. *Id.* at 25. The ALJ did not specifically address Castillo's testimony that his depression would periodically cause him to stay in his room for days at a time. The ALJ did address Nurse Practitioner Cone and Dr. Matthews-Ferrari's opinion that Castillo was unable to work, but held that it was not credible primarily because he determined that they claimed a longer treating relationship with Castillo than the record reflected, the opinion was not consistent with Castillo's activities of daily living, and Dr. Matthews-Ferrari did not specialize in mental health treatment. *Id.* at 28.

Castillo brought this action requesting review of the ALJ's decision. The Court held that the ALJ erred in failing to credit Castillo's symptom testimony under the legal standard established by Ninth Circuit precedent, which provides that a claimant need not present objective medical evidence of the severity of subjective symptoms and requires that, in order to find symptom testimony not credible, an ALJ must specifically identify the testimony at issue and provide clear and convincing reasons why it is not credible. Order at 24−26. As discussed in more detail in the Court's previous Order, the Court determined that the ALJ's decision did not meet that standard. *Id.* The Court went on to hold that under the credit-as-true doctrine, the case should be remanded for benefits, and the Clerk entered judgment in Castillo's favor. *Id.* at 26−27; Judgment (dkt. 21).[3]

The Commissioner now asks the Court to alter its previous judgment to either affirm the

---

[3] The Court declined to reach other potential errors in the ALJ's decision, but noted that two of the ALJ's primary reasons for discrediting Nurse Practitioner Cone and Dr. Matthews-Ferrari's opinion were not supported by the record. Order at 17 n.6.

ALJ's decision or remand for further administrative proceedings. *See generally* Mot. (dkt. 23). The Commissioner argues that substantial evidence supported the ALJ's decision, and that the Court applied an insufficiently deferential standard of review and erred in finding the ALJ's analysis insufficient. *Id.* at 2−4. The Commissioner also contends that the Court's application of the credit-as-true doctrine was improper because further proceedings were needed to resolve conflicts in the record, and because the record as a whole did not establish that Castillo was disabled. *Id.* at 4−9. Castillo responds that the Commissioner's Motion is improper under Rule 59(e) because it merely "repeats or rephrases arguments already presented and rejected." Opp'n (dkt. 24) at 1−2. He also argues that the Court was correct to remand for an award of benefits. *Id.* at 2−4.

## III. ANALYSIS

### A. Legal Standard

Rule 59(e) provides that a party may file a "motion to alter or amend a judgment." Fed. R. Civ. P. 59(e). The Ninth Circuit has explained the standard for a motion under Rule 59(e) as follows:

> "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam) (internal quotation marks omitted). But amending a judgment after its entry remains "an extraordinary remedy which should be used sparingly." *Id*. (internal quotation marks omitted). In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law. *Id*.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1112 (9th Cir. 2011). This Rule "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been made prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted). In this case, the Commissioner relies on the first ground for relief, claiming manifest error. *See* Mot. at 2.

4

## B. Procedural Impropriety of the Motion

Amending judgment is an "extraordinary remedy," *Allstate*, 643 F.3d at 1113, and Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been made prior to the entry of judgment," *Exxon Shipping*, 554 U.S. at 485 n.5. All of the Commissioner's arguments either were or could have been presented in the Commissioner's initial response and cross-motion for summary judgment. *See* dkt. 18. Neither the Commissioner's failure to raise arguments at that time, nor her dissatisfaction with the Court's ruling on arguments the parties already presented, is a valid basis for a motion under Rule 59(e). *See Exxon Shipping*, 554 U.S at 485 n.5. This alone is a sufficient reason to deny the present Motion. The Court nevertheless discusses the Commissioner's arguments in the following section.

## C. The Commissioner Has Not Demonstrated Manifest Error

The primary issues of the present Motion are whether the ALJ properly declined to credit Castillo's symptom testimony, and if not, whether the Court had discretion to remand for an award of benefits rather than further proceedings. Each issue is addressed below.

### 1. The ALJ's Failure to Credit Castillo's Symptom Testimony

The Court's previous Order set forth the standard for considering a claimant's symptom testimony as follows:

> The Ninth Circuit has established two requirements for a claimant to present credible testimony regarding subjective symptoms: "(1) [the claimant] must produce objective medical evidence of an impairment or impairments; and (2) [the claimant] must show that the impairment or combination of impairments could reasonably be expected to (not that it did in fact) produce some degree of symptom." *Smolen*, 80 F.3d at 1282 (citing *Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir. 1986)). The claimant need not, however, produce objective medical evidence of the actual symptoms or their severity. *Id.* (citing *Bunnell v. Sullivan*, 947 F.2d 341, 347−48 (9th Cir. 1991)). If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ "must provide 'clear and convincing' reasons to reject a claimant's subjective testimony." *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007). "'General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.'" *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014) (quoting *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1995)).

1  Order at 23−24.

2  The Commissioner's present Motion does not dispute—or even discuss—this legal standard. *See generally* Mot. Instead, the Commissioner argues that the Court failed afford the ALJ sufficient deference in determining whether his decision was based on substantial evidence. *Id.* at 2−4. As set forth above, however, the Ninth Circuit has established a standard to determine what constitutes "substantial evidence" to reject a claimant's symptom testimony. The ALJ's decision does not meet that standard. *See* Order at 24−26; *see also Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) ("[Courts] review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely.").

The ALJ explicitly found, and the Commissioner does not now dispute, "that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms." AR at 25. The ALJ cited no evidence of malingering. *See id.* at 24−28. The remaining questions, then, is whether the ALJ "provide[d] 'clear and convincing' reasons to reject [Castillo's] subjective testimony," "identify[ing] what testimony is not credible and what evidence undermines [Castillo's] complaints." *See Parra*, 481 F.3d at 750; *Burrell*, 775 F.3d at 1138.

As the Court held in its previous Order, the ALJ's decision does not meet that standard. *See* Order at 24. The ALJ never specifically identified as not credible Castillo's testimony regarding depression causing him to remain in his room for days at a time. *Cf. Burrell*, 775 F.3d at 1138. Moreover, none of the medical opinions that the ALJ recited in his decision are incompatible with the intermittent episodes of severe depression that Castillo described. Each medical opinion that the ALJ credited from an examining physician was based only on a single examination, and Castillo's ability to demonstrate basic social functioning during isolated examinations is not a "clear and convincing reason[]" to discredit testimony that he periodically experiences debilitating depression. *See Parra*, 481 F.3d at 750. The same is true of Castillo's testimony that he could at times engage in basic activities of daily living. *See* Order at 26. The Commissioner provides no specific examples of evidence cited by the ALJ that contradicts Castillo's testimony regarding the effects of his depressive episodes. *See* Mot. at 2−4. In effect, the ALJ's decision discredited Castillo because examining and consulting physicians—all of

6

whom diagnosed him with disorders related to depression—did not document the degree of depression he claimed to suffer from. *See* AR at 24−28. To endorse that decision would disregard the long-standing rule that a claimant need not produce objective medical evidence substantiating his or her testimony regarding the severity of subjective symptoms. *See Smolen*, 80 F.3d at 1281−82.

The Commissioner cites *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989), for the proposition that courts can affirm based on "specific and legitimate inferences" drawn from an imprecise ALJ decision, and *Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir 1991), for the argument that "[t]o require the ALJ's [sic] to improve their literary skills in this instance would unduly burden the social security disability process." Mot. at 2−3 (quoting *Magallanes* and *Gonzalez*). As discussed above and in the Court's previous Order, the Court is not able to draw an inference contradicting Castillo's testimony regarding his depression from anything in the ALJ's decision. Nor would it unduly burden the administrative process to require an ALJ to "provide 'clear and convincing' reasons to reject a claimant's subjective testimony" and to "identify what testimony is not credible and what evidence undermines the claimant's complaints," in compliance with Ninth Circuit precedent. *See Parra*, 481 F.3d at 750; *Burrell v. Colvin*, 775 F.3d at 1138. The Court stands by its conclusion that the ALJ erred in discrediting Castillo's testimony.

### 2. Remand for Benefits

The Commissioner also argues that the Court erred in crediting Castillo's symptom testimony as true and remanding for an award of benefits, rather than for further administrative proceedings. Mot. at 4−9. The Commissioner's objection to the Ninth Circuit's credit-as-true doctrine is noted for the record, *see id.* at 5 n.2, but this Court is bound by Ninth Circuit precedent. Accordingly, it is appropriate to remand for benefits rather than further proceedings where: (1) the ALJ failed to provide legally sufficient reasons to reject a claimant's testimony or a medical opinion; (2) the record has been fully developed; and (3) if the testimony were treated as credible, the ALJ would be required to find the claimant disabled on remand. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014); *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Even if those conditions are met, the Court retains discretion to remand for further

proceedings if "the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021; *see also Treichler*, 775 F.3d at 1102. The credit-as-true doctrine incentivizes careful analysis during an ALJ's first review of the credibility of claimants' testimony and promotes efficient and timely final decisions for claimants, many of whom "'suffer from painful and debilitating conditions, as well as severe economic hardship.'" *Garrison*, 759 F.3d at 1019−20 (quoting *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1398−99 (9th Cir. 1988)). "'[I]f grounds for [concluding that a claimant is not disabled] exist, it is both reasonable and desirable to require the ALJ to articulate them in the original decision.'" *Id.* at 1020 (quoting *Varney*, 859 F.2d at 1399) (alterations in original).

As discussed above, the Court reiterates its holding that the ALJ did not provide legally sufficient reasons to reject Castillo's testimony. There is no real dispute that the ALJ would be required to find Castillo disabled if his testimony regarding periodic debilitating depressive episodes were taken as true. *See* AR at 70 (Castillo's testimony that once or twice every two weeks he becomes so depressed that he does not leave his room for up to twenty days at a time); *id.* at 75 (vocational expert's testimony that consistent absence from work once per month would preclude employment "[a]t any level"). As for the state of the administrative record, the Commissioner never suggested that it was not fully developed until after the Court entered judgment in Hatfield's favor. *See* Comm'r's Cross-Mot. for Summ. J. (dkt. 18) at 10 (arguing against a remand for benefits only on the basis that evidence in the record "create[s] serious doubt that [Castillo] is disabled"). The Court will not countenance a legal strategy of reserving argument as to why the record is incomplete until after the entry of an adverse judgment. *See Exxon Shipping*, 554 U.S. at 485 n.5.

That leaves only the question of whether the record as a whole creates serious doubt that Castillo is in fact disabled. *See Garrison*, 759 F.3d at 1021. As discussed above and in the previous Order, the Court does not view the opinions of Castillo's examining physicians, each of whom only saw him once, as incompatible with the periodic depressive episodes that Castillo described. The only medical professionals in the record who treated Castillo on an ongoing basis opined that he was not capable of maintaining employment. AR at 565 (letter signed by Nurse

1  Practitioner Cone and Dr. Matthews-Ferrari).[4]

2  The Commissioner points to purported inconsistencies related to Castillo's testimony. The
3  Court declines to address those that the Commissioner failed to raise before entry of judgment.[5]
4  *See Exxon Shipping*, 554 U.S. at 485 n.5. As for Castillo holding himself out as capable of work
5  by accepting unemployment benefits, while the Commissioner noted that "inconsistency" in her
6  pre-judgment brief, she failed to cite any authority for the significance of such representations
7  until after judgment. The cases that she now cites held only that an ALJ could permissibly
8  consider such representations as one factor in making a credibility determination—which the ALJ
9  did not do here. *See Copeland v. Bowen*, 861 F.2d 536, 542 (9th Cir. 1988); *Lenhart v. Astrue*,
10 252 F. App'x 787, 789 (2007). Those cases do not stand for a rule that an applicant who applied
11 for or received unemployment benefits can never be considered disabled.

12 The Court does not find that Castillo's representation that he was seeking work and
13 capable of work creates serious doubt as to his disability here, particularly given that the
14 Commissioner's own regulations and rulings explicitly provide that *actually seeking and obtaining*
15 *work* does not preclude a finding of disability unless the applicant was able to perform at a
16 satisfactory level and retain the position. *See* 20 C.F.R. § 404.1574(c) (discussing criteria for
17 evaluating unsuccessful work attempts, where a claimant obtains a job but is not able to retain it
18 for an extended period); SSR 05-02 (same). Virtually any unsuccessful work attempt will have
19 arisen from a claimant presenting himself or herself as ready and willing to work. If such
20 representations do not preclude a finding of disability in that context, the Court finds no reason to
21 treat the same representations differently in the context of a claimant seeking unemployment
22 benefits. Although a policy argument could perhaps be made against allowing claimants to

---

[4] The ALJ declined to credit this opinion primarily for reasons that, as discussed in the Court's previous Order, find no support in the record. *See* Order at 17 n.6. Although the Court previously did not reach the issues of whether the ALJ erred in discrediting this opinion or what the effect of such error would be, *see id.* at 27, the Court declines to turn a blind eye to Cone and Matthews-Ferrari's letter in conducting a holistic evaluation of whether the record creates serious doubt of disability.

[5] E.g., Castillo's statements to Dr. Visser (Mot. at 6−7) and reports of his ex-wife Guadalupe Soleto (Mot. at 7−8). While the Court declines to address these in detail, it is plausible that the purported discrepancies stem from the difference in Castillo's capabilities when he is experiencing episodes of depression as compared to when he is not.

9

receive disability benefits for periods when they also *actually received* unemployment benefits, the ALJ did not cite that as a reason to deny Castillo benefits, and the Commissioner has not identified any authority for such a rule. Under the circumstances of this case, and particularly the current posture of a post-judgment motion, it is not the role of this Court to create policy from whole cloth.

The Court previously held that the record as a whole does not create serious doubt as to Castillo's disability. The Commissioner has not presented any sufficient reason to alter that decision under Rule 59(e). The Court therefore stands by its conclusion that remand for an award of benefits is appropriate pursuant to the credit-as-true doctrine.

## IV.   CONCLUSION

For the reasons stated above, the Commissioner's Motion to Alter or Amend Judgment is DENIED. The Judgment remanding the case for an award of benefits stands as previously entered.

**IT IS SO ORDERED.**

Dated: April 18, 2016

JOSEPH C. SPERO
Chief Magistrate Judge